UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14102-KMM

ALEXANDER MICHAEL ROY,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Alexander Michael Roy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Mot.") (ECF No. 1). The Court referred the matter to the Honorable Shaniek M. Maynard, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be denied. ("R&R") (ECF No. 17). Movant filed Objections on April 1, 2021. ("Objs.") (ECF No. 20). The Government filed a Response in Opposition to Movant's Objections on April 7, 2021. ("Resp.") (ECF No. 21). The matter is now ripe for review. As set forth below, the Court ADOPTS the Report and Recommendation.

**I.  BACKGROUND**

On June 15, 2012, a jury found Movant guilty of five counts of a superseding indictment—one count of enticing and attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 1), and four counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2, 3, 4, and 5). (CR-ECF No. 99).[1]  On

---

[1] References to Movant's criminal case, *United States v. Roy*, 2:12-cr-14022-KMM-1, are notated as "CR-ECF No. __".

September 12, 2012, the Court sentenced Movant to a term of life imprisonment as to Count 1, and a term of 120 months' imprisonment as to each of Counts 2, 3, 4, and 5, all to be served concurrently. (CR-ECF No. 126). On June 25, 2017, the Eleventh Circuit Court of Appeals affirmed the district court judgment. (CR-ECF No. 152). On March 19, 2018, the Supreme Court denied Movant's petition for a writ of certiorari. (ECF No. 154).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

## III. DISCUSSION

On March 19, 2019, Movant filed his Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Personal in Federal Custody. *See generally* Mot. Therein, Movant argues that he was denied effective assistance of counsel because his attorney: (1) agreed to the excusal of a juror during deliberations without further questioning even though factual support for the excusal was lacking, and did not ask the court for permission to question the juror about jury misconduct; (2) failed to object to a detective's testimony regarding Movant's "grooming" of a fictitious minor, essentially conceded on the detective's cross-examination that Movant had engaged in grooming, and then failed to argue that such testimony opened the door to the admission of testimony from two previously excluded defense experts; (3) failed to object to Movant being charged with and

convicted of four counts of child pornography that were multiplicitous and violated the Double Jeopardy Clause; (4) failed to object to a fundamental instructional error; and (5) failed to file a motion to suppress evidence seized pursuant to two search warrants on the basis that the first search warrant violated the Fourth Amendment's particularization requirement and the other was based on the fruits of an unconstitutional search. *See id.* at 4–13.

As set forth in the R&R, Magistrate Judge Maynard recommends that the Motion be denied. R&R at 32. The Court addresses each ineffective assistance of counsel claim in turn below.

### A. Excusal of a Juror

Magistrate Judge Maynard finds that counsel was not ineffective for agreeing to excuse a juror without further investigation into jury misconduct because the trial court questioned the juror directly and the juror's responses provided a clear factual basis to dismiss him. *Id.* at 10. Magistrate Judge Maynard finds that the juror's allegations of jury misconduct were "vague and nonspecific," and thus there was less of a burden to investigate such allegations. *Id.* at 11. Further, Magistrate Judge Maynard finds that Movant failed to show prejudice—that is, that the result would have been different but for counsel's failure to object—because "[t]here is no reason to believe an objection by counsel or a request for further investigation would have changed the court's decision." *Id.* at 12–13.

In his Objections, Movant argues that "the trial court was under an obligation to question [the juror] further because the juror's allegations were both very serious and credible," and the juror's allegation "was not speculative because he personally witnessed it in the jury room." Objs. at 3–4. Movant argues that had a defense objection been raised, "there is, at the very least, a reasonable probability that the trial court would have interviewed [the juror] further and ultimately

3

granted a mistrial because the accusation of jury misconduct was extremely serious in that the conduct 'bordered on a violation of the law.'" *Id.* at 7. Movant argues that Magistrate Judge Maynard's finding that there was factual support for dismissing the juror takes the juror's statements out of context and the factual support for dismissing the juror was lacking. *Id.* at 8. Finally, Movant argues that he has established prejudice because "the record supports the conclusion that [the juror] was the lone holdout for a 'not guilty' verdict." *Id.* at 10.

The Government argues that there was ample factual basis to excuse the juror and was under no obligation to further question the juror. Resp. at 2. The Government argues that "[t]here is nothing in the record which would prove that **had** counsel requested to ask more questions that (1) the trial court would have permitted it . . ., or (2) that the juror would give any more information than the trial court was able to elicit from him." *Id.* Further, the Government argues that "[t]here is nothing in the record to support that a defense objection to dismissing the juror would have been sustained by the trial court." *Id.*

The Court agrees with Magistrate Judge Maynard's findings. During the Court's questioning of the juror, while the juror said that he wanted to continue to serve, he expressed disagreement with "the vulgar way it's being done" and that he did not wish to continue deliberating "[a]t the way that the jury—the verdict is being deliberate[d] in the jury room." ("Trial Tr. June 15, 2012") (ECF No. 12-4) 7:7–17. Towards the end of the Court's questioning, the juror said:

> Sir, the reason that I came in here today, before I even got into the courthouse I asked to see counsel, because I didn't want to say something that would cause this to be a mistrial, including you. . . .  I don't want to speak to any of this, but all I want is I want counsel to speak to, to see what rights I have as an American citizen who is sitting in a court and considers myself very fortunate to be there.

*Id.* 8:8–16.

The juror's discomfort with the internal workings of the deliberative process—whatever his reasons—provided sufficient factual support to excuse the juror without further questioning by the Court. *See United States v. Dominguez*, 226 F.3d 1236, 1246 (11th Cir. 2000) ("The most salient aspect of the law in this area is the breadth of discretion given to judges who are called upon to deal with the possibility of juror misconduct. . . . [and] when a jury problem involves the possibility of internal misconduct, the trial judge's discretion extends even to the initial decision of whether to interrogate the jurors.") (internal citation and quotation marks omitted); *United States v. Abbell*, 271 F.3d 1286, 1304 n.20 (11th Cir. 2001) ("We do . . . caution district courts to be careful about invading the secrecy of the jury's deliberations and to err on the side of too little inquiry as opposed to too much."). Further, there is nothing in the record to suggest that if defense counsel had requested further questioning, that (1) the Court would have granted it; (2) the juror would have been forthcoming; or (3) there is a "reasonable probability" that the result would have been different, *i.e.*, the juror would have continued deliberating, the jury would have been deadlocked, and a mistrial would have resulted. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

    **B.**    **Testimony About "Grooming" Behavior**

Magistrate Judge Maynard finds that (1) the transcript makes clear that counsel effectively made four objections to the form of the questions, "which significantly limited [the detective's] ability to testify about grooming"; (2) Movant has not shown that objecting to the admission of any grooming testimony would have been meritorious because, whether characterized as expert or lay opinion testimony, courts "routinely allow this type of testimony from law enforcement officers with experience in this area"; (3) trial counsel did not concede that Movant had engaged

in grooming—conversely, counsel used the detective's grooming testimony strategically to show that the detective was grooming Movant and trying to make him feel more comfortable; and (4) even if failing to object to grooming testimony was error, Movant has failed to demonstrate prejudice. R&R at 15–20. With regard to Movant's argument that counsel was ineffective for not arguing that the grooming testimony opened the door to Movant's previously excluded experts, Magistrate Judge Maynard finds that nothing about the detective's testimony would have changed the inadmissibility of Movant's two experts' testimony.

Movant argues that (1) a Rule 702 objection to the grooming testimony "would have barred *all* of the detective's grooming testimony"; (2) the grooming testimony was prejudicial to Movant because it "cut directly against [Movant's] theory of defense that he did not attempt to persuade the fictitious child to assent to engage in sex acts with him because she had already assented to do so before he spoke to her" and "the prosecutor relied heavily and repeatedly upon the grooming testimony during the closing argument"; (3) the detective's testimony and that of Movant's two experts were of "the same general subject matter," and thus the detective's testimony opened the door to admitting the testimony of his experts; and (4) his counsel did concede on the detective's cross-examination that Movant had engaged in grooming which was highly prejudicial because it "substantially damaged [Movant's] defense that he did not attempt to 'persuade' or 'induce' the fictitious minor to engage in sex acts." Objs. at 11–16.

The Government argues that the detective was not called as a grooming expert and "her testimony was limited by the trial court to her personal experience investigating the case and interacting with [Movant] on recorded calls," and thus her testimony was admissible non-expert opinion testimony. Resp. at 3. Further, the Government argues that the admission of the detective's "limited 'grooming' testimony could not have had a prejudicial effect or influence in

determining the jury's verdict when assessed in the context of all of the other evidence presented at trial . . . ." *Id.* at 4. Finally, the Government argues that the detective "did not testify or render an opinion as to [Movant's] mental state or intent, but merely described his actions as 'grooming.'" Thus, counsel could not have been deficient for failing to make a non-meritorious claim, *i.e.*, by arguing that the grooming testimony opened the door to the two previously excluded experts.

The Court agrees with Magistrate Judge Maynard findings. Specifically, defense counsel was not ineffective for not objecting to *all* grooming testimony; in cross-examining the detective, Movant's counsel strategically attempted to show that it was the detective who groomed Movant, rather than the other way around; Movant's experts' testimony was properly excluded, and thus defense counsel was not ineffective for failing to raise a non-meritorious argument; and Movant has not shown prejudice as to this claim. *See generally Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment"); *Chandler v. United States*, 218 F.3d 1205, 1314 (11th Cir. 2000) ("[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness.").

### C.    Multiplicitous Counts of Possession of Child Pornography

Magistrate Judge Maynard finds that Movant's counsel cannot be deemed ineffective by not arguing that Counts 2 through 5 were multiplicitous because, as of the date of the R&R, the Supreme Court and the Eleventh Circuit have not yet ruled on whether multiple charges for possession of the same images of child pornography across different devices are multiplicitous. R&R at 23. Further, Magistrate Judge Maynard finds that Movant cannot show prejudice because the advisory sentencing guidelines range would be the same. *Id.* at 24.

Movant argues that the prejudice lies in "adverse consequences that cannot be ignored, including an increased sentence under a recidivist statute for a future offense and the societal stigma accompanying any criminal conviction." Objs. at 16–17.

The Court agrees with Magistrate Judge Maynard's findings. Specifically, because the issue of multiplicity is not settled in the Eleventh Circuit, counsel was not ineffective for failing to object to Counts 2 through 5 as multiplicitous. More importantly, because the advisory sentencing guidelines range would have been the same, Movant cannot show prejudice. Movant's argument that the stigma associated with four counts versus one is unavailing.

### D. Jury Instruction

Magistrate Judge Maynard finds that counsel was not ineffective for failing to object to the trial court's jury instruction regarding the meaning of the word "induce" because the instruction was based on the Eleventh Circuit's Pattern Jury Instruction in effect at the time as well as Eleventh Circuit precedent. R&R at 25.

In his Objections, Movant again argues that a D.C. Circuit case is controlling.[2] Objs. at 17. Magistrate Judge Maynard's explanation as to the controlling law in the Eleventh Circuit needs no further discussion here. *See* R&R at 25–26; *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004). The Court agrees with Magistrate Judge Maynard's findings.

### E. Search Warrants

Magistrate Judge Maynard finds that counsel was not ineffective as it relates to the search warrants at issue because counsel filed motions to suppress raising multiple arguments, and Movant failed to show that counsel's strategic choice to pursue certain arguments over

---

[2] Movant's general and non-specific objection is not proper to warrant *de novo* review. *De novo* review is required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

others—such as the Fourth Amendment particularity requirement Movant now advances—was unreasonable. R&R at 26–28. Further, Magistrate Judge Maynard finds that Movant fails to show that the particularity argument he now advances is meritorious. *Id.* at 28. Specifically, Magistrate Judge Maynard finds that "the warrant in question sufficiently describes the illegal activity involved to satisfy the Fourth Amendment's particularity requirement." *Id.* at 30. Finally, Magistrate Judge Maynard finds that "[b]ecause the first search was constitutional, the second warrant, which was based in part on what was found during the first search, was not fruit of the poisonous tree." *Id.* at 30–31.

Movant argues that moving to suppress the first search warrant because it violated the Fourth Amendment's particularity requirement and moving to suppress the second warrant because it was based on the fruits of the unconstitutional search would have been meritorious. Objs. at 17–18. Movant relies again on two cases in support of his argument that Magistrate Judge Maynard distinguished in her R&R. *See* R&R at 30–31. The Court agrees with Magistrate Judge Maynard's findings.

## IV.   CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A petitioner has no absolute entitlement to appeal a district court's final order denying his motion to vacate. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Magistrate Judge Maynard finds that "Movant

fails to make 'a substantial showing of the denial of a constitutional right.'" R&R at 31 (quoting § 2253(c)(2)). The Court agrees with Magistrate Judge Maynard's finding. Thus, a COA shall not issue.

## V. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Maynard's Report and Recommendation (ECF No. 17) is ADOPTED and Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is DENIED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of May, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record